UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

CONAM CONSTRUCTION COMPANY, a Texas Corporation

    Plaintiff/Counter-Defendant,

vs.

FLORIDA CANYON MINING, INC., a Delaware Corporation,

    Defendant/Counter-Plaintiff.

Case No:  3:21-cv-00053-MMD-WGC

**STIPULATED PROTECTIVE ORDER**

Plaintiff and Counter-Defendant, Conam Construction Company ("CONAM"), and Defendant and Counter-Plaintiff, Florida Canyon Mining, Inc. ("FCMI"), have stipulated to the terms of this Protective Order. Each party is referred to as "Party" and collectively as the "Parties" below.

This Protective Order is designed to preserve the confidentiality of testimony given by witnesses in this case and information exchanged or produced in this case. Documents or testimony deemed to be confidential shall be so designated in accordance with this Protective Order.

To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, the unauthorized disclosure or use of which would irreparably harm the disclosing Party, it is, by agreement of the Parties and pursuant to this Court's authority under Federal Rule of Civil Procedure 26(c), STIPULATED AND ORDERED that:

1.    As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2. Subject to Section 3 of this Protective Order, any document produced as part of this litigation, or exchanged between the Parties in this litigation, and any testimony given by any witness in this litigation, may be designated as "CONFIDENTIAL" by the Parties or any non-party producing the information.

3. Information designated "CONFIDENTIAL" shall be information that the producing Party believes in good faith contains trade secrets or other confidential or proprietary research, development, commercial, technical, or financial information or such other information that is not otherwise available in the public domain ("Confidential Information"). Subject to Section 9 of this Protective Order, all information contained in any document, communication, testimony, or other materials designated as "CONFIDENTIAL" by the Parties or any non-party producing the information shall be presumed to be Confidential Information. Confidential Information shall not be disclosed or used by the non-designating Party for any purpose, except for discovery, depositions, and the preparation and trial of this case.

4. Confidential Information designated as "CONFIDENTIAL" shall not, without the written consent of the Party or non-party designating it, or by Order of the Court, be disclosed, except that such information may be disclosed by the non-producing Party to:

   a. Outside attorneys of record in this litigation, and any in-house attorneys for the Parties who are actively working on this litigation;

   b. Persons regularly employed or associated with the attorneys or in-house attorneys actively working on this litigation, such as paralegals and assistants, whose assistance is required by said attorneys in this litigation;

   c. The Parties and their agents, including without limitation CONAM, FCMI, any of CONAM's or FCMI's 30(b)(6) representative(s), and any current employees, officers, directors, or agents of CONAM or FCMI that are assisting with the litigation;

   d. Expert witnesses, consultants, and vendors retained in connection with this litigation, provided that such individuals or entities have executed Exhibit A to this Protective Order;

HB: 4838-1709-2842.2

  e. The Court and its personnel;

  f. Stenographic reporters, videographers, and their staff who are engaged in proceedings incident to the conduct of this litigation;

  g. A third-party deponent or fact witness testifying at proceedings in this litigation ("Third-Party Witness"), subject to the following limitation: the only information designated as "CONFIDENTIAL" that may be shared with a Third-Party Witness are those documents or information previously disclosed to the third party, documents created or generated by that third party, and contracts, agreements, communications, or documents exchanged by or with that third party. Any Third-Party Witness who previously did not have access to the Confidential Information, may be given such access or provided such information for purposes of this litigation; provided that each such Third-Party Witness shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Protective Order and they may not be disclosed other than pursuant to its terms. Third-Party Witnesses must first either execute a copy of Exhibit A and return it to counsel for the Party that designated the information as "CONFIDENTIAL", or state on the record his or her agreement to treat the information as Confidential Information pursuant to this Protective Order;

  h. Any other individual to whom a document containing Confidential Information was previously addressed, or to whom the document was previously disclosed to, provided that such individual first executes Exhibit A and return it to counsel for the Party providing the documents; and

  i. Other persons by written agreement of the Parties.

 5. Documents, information, or other materials shall be designated by the Parties or any non-party producing the documents, information, or materials as containing Confidential Information by stamping on each page of the document the legend "CONFIDENTIAL."

 6. If a producing Party or non-party inadvertently discloses to a receiving Party any Confidential Information without marking it as "CONFIDENTIAL," the producing Party or non-

3

party shall promptly advise the receiving Party in writing, listing each document production bates number. Thereafter, the receiving Party shall treat the information as Confidential Information.

7. Any portions of pleadings, motions, or other documents containing Confidential Information that are filed with the Court, as well as any exhibits containing Confidential Information that are attached to any pleadings, motions, or other documents that are filed with the Court, shall be labeled "CONFIDENTIAL." The Parties Agree to follow the Court's local rules for sealed documents when filing "CONFIDENTIAL" documents with the Court.

8. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party or non-party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Counsel for any Party or non-party shall have the right to exclude from oral depositions, other than the Parties, counsel for the Parties, the deponent, and the stenographic reporter (or video technician), any person who is not authorized by this Protective Order to receive Confidential Information. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising Confidential Information.

9. A Party may object to the designation of particular information as "CONFIDENTIAL" by giving written notice to the Party or non-party designating the disputed information. The written notice shall identify the information to which the objection is made and the specific basis for such objection. If the Parties or non-parties cannot resolve the objection within five (5) business days after the time the notice is received, it shall be the obligation of the Party objecting to the designation of the information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the objecting Party fails to file such a motion, the disputed information shall maintain

HB: 4838-1709-2842.2

its designation and shall thereafter continue to be treated in accordance with this Protective Order, subject to Paragraph 11, below. In connection with a motion filed under this provision, the Party claiming confidentiality of such document shall bear the burden of establishing that the disputed information should be treated as Confidential Information.

10. At the conclusion of this case, after any necessary appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "CONFIDENTIAL" shall be returned to the Party or non-party that designated it "CONFIDENTIAL" within forty-five (45) days of conclusion of the action, or the Parties may elect to destroy such documents; provided, however that counsel for each Party may retain one copy of the "CONFIDENTIAL" documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized, except upon written agreement of the Party or non-party who designated the document as "CONFIDENTIAL," or upon express permission of the Court after written notice to counsel for the Party or non-party that produced the documents.

11. Nothing in this Protective Order shall preclude the Parties or non-parties from objecting to the production in this action of any documents, information, or material, whether Confidential Information or not, on any other basis recognized under applicable rules of procedure and evidence. Nothing in this Protective Order shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

HB: 4838-1709-2842.2

12. The Court retains jurisdiction even after termination of this action to enforce this Protective Order. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and opportunity for them to be heard.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated this 24th day of May, 2021.                     Dated this 24th day of May, 2021.

/s/ Miriam Rodriguez                                                  /s/ R. Shawn Oliphant
MIRIAM E. RODRIGUEZ, ESQ.                      R. SHAWN OLIPHANT, ESQ.
Nevada Bar No. 9425                                          Nevada Bar No. 6441
LAW OFFICE OF MIRIAM E. RODRIGUEZ, PC    VILORIA, OLIPHANT, OSTER & AMAN LLP
1000 N. Nellis Blvd. Ste S                                   P.O. Box 62
Las Vegas, NV 89011                                         Reno, Nevada 89504
PH: (702) 733-9292                                            PH: (775) 284-8888
FX: (702) 734-9293                                             FX: (775) 284-3838
miriam@merlawpc.com                                    soliphant@renonvlaw.com

*Attorney for Defendant, Counter-Plaintiff,*         *Attorney for Plaintiff, Counter- Defendant,*
*Florida Canyon Mining, Inc.*                              *Conam Construction Company*


/s/ Andrew K. Glenn                                             /s/ Chris Verducci
ANDREW K. GLENN, ESQ.                              CHRIS VERDUCCI, ESQ (*Pro Hac Vice*)
HUSCH BLACKWELL LLP                                DANIELLE CHARRON, ESQ (*Pro Hac Vice*)
*Pro Hac Vice Pending*                                         LOCKE LORD LLP
1801 Wewatta Street, Suite 1000                       600 Travis, Suite 2800
Denver, Colorado 80202                                    Houston, Texas 77002
PH: (303) 749-7200                                             PH: (713) 226-1200
FX: (303) 749-7272                                              cverducci@lockelord.com
andrew.glenn@husch.blackwell.com              danielle.charron@lockelord.com

*Attorney for Defendant, Counter- Plaintiff,*        *Attorney for Plaintiff, Counter- Defendant*
*Florida Canyon Mining, Inc.*                              *Conam Construction Company*


///

///

///

///

HB: 4838-1709-2842.2

## ORDER

Paragraph 7 is modified to reflect that any motion regarding filing confidential information and motions to seal shall also comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). *See also*, *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph 12 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

DATED: May 24, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

CONAM CONSTRUCTION COMPANY, a Texas Corporation

    Plaintiff,

vs.

FLORIDA CANYON MINING, INC., a Delaware Corporation,

    Defendant.

Case No: 3:21-cv-00053-MMD-WGC

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, have been informed that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential and have been labeled "CONFIDENTIAL."

I have received a copy of the STIPULATED PROTECTIVE ORDER entered in this case and agree to be bound by its terms. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____
Signature

_____
Printed Name